11 CIV 6663

JUDGE RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

LESTER MILLER,

                Plaintiff,

        -against-

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPT.,
OFFICER CURTIS GRIMES,
QUEENS DISTRICT ATTORNEY'S OFFICE,
"JOHN DOE" (ASST. DA),

                Defendants.

------------------------------------------------------x

Hon. _____

Index No.

**VERIFIED COMPLAINT**

Jury Trial Demanded

*(stamp: SEP 23 2011 U.S.D.C. S.D.N.Y. CASHIERS)*

LESTER MILLER, by his attorney, and for cause of action against THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER CURTIS GRIMES, QUEENS DISTRICT ATTORNEY'S OFFICE and assistant district attorney "JOHN DOE" (collectively, "Defendants") alleges and shows as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff LESTER MILLER seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, as amended and codified by 42 U.S.C. § 1983, by the United States Constitution, including the Fourth and Fourteenth Amendments and by the laws of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable, an award of costs, attorney's fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest for false arrest and malicious prosecution that Plaintiff suffered regarding his reputation and repercussions of these acts and such other and further relief as this court deems equitable and just.

1

## II.  JURISDICTION AND VENUE

2.  This action is brought pursuant to the Constitution of the United States, including

    its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983.

    Jurisdiction is conferred upon this court by 42 U.S.C. § 1983, 28 U.S.C. §1331

    (federal question) and 1343 (a) (3) and (4), this being an action seeking redress

    for the violation of the plaintiff's constitutional and civil rights.   ???

3.  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.

    and 42 U.S.C. §1981.????

4.  The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

    U.S.C. § 1367, over any and all state law claims that form part of the same case

    and controversy as against all parties within the original jurisdiction of this court.

## III. JURY TRIAL DEMANDED

5.  Plaintiff demands a trial by jury on each and every one of his claims as plead

    herein.

## IV. VENUE

6.  The Court has personal jurisdiction Venue is proper in the Southern District of

    New York under 28 U.S.C. § 1391(b) and each Defendant maintains sufficient

    contacts with the State of New York and regularly conducts business in the

    district of this court.

## V. PROCEDURAL REQUISITES: NOTICE OF CLAIM

7.  Plaintiff filed a Notice of Claim, pursuant to General Municipal Law § 50-e, with the Defendants, City of New York, within 90 days of the events complained of herein, a copy is herein attached.

8.  All conditions precedent to filing this cause of action have been met.

## VI. PARTIES

9.  Plaintiff, LESTER MILLER (hereinafter "Plaintiff"), is a citizen and resident of the City of Central Islip and the State of New York.

10. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and duly incorporated and existing pursuant to the laws of the State of New York.

11. Defendant THE CITY OF NEW YORK is authorized by law to maintain the police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant, CITY OF NEW YORK assumes the risks incidental to the maintenanace of a police force and the employment of police officers as said risk of the services provided by the New York City Police Department.

12. Defendant, City of New York, has established and maintains the Queens District Attorney's Office.

13. Defendant, "John Doe" is an district attorney with the New York City District Attorney's Office.

14. Defendant Office Curtis Grimes is a police officer with the New York City Police Department.

15. The Defendant City of New York may be serviced with summons by serving the City of New York, Law Department, Corporation Counsel, 100 Church Street, New York, N.Y. 10007, pursuant to N.Y. Civil Practice Law & Rules § 311(2).

16. Defendants, the New York City Police Department and Police Officer Curtis Grimes, may be served by service at New York City Police Department, Legal Bureau, One Police Plaza, Rm. 1406, New York, NY 10038.

17. Defendants, the New York City District Attorney's Office and district attorney "John Doe" may be served by service at the Office of the New York City District Attorney's Office located at 125-01 Queens Boulevard, Kew Gardens, New York 11415, 1st Floor Reception.

18. Whenever in this complaint it is alleged that Defendants committed any act or omission, it is meant that such Defendants' officers, managers, agents, servants, and/or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of such Defendants or was done in the routine course and scope of employment of Defendants' managers, agents, servants, or employees.

## VII. FACTS

19. On July 6, 2010, at approximately 5:30 pm, at the intersection of Vernon Blvd. and 31st Street in Queens, defendant, Officer Curtis Grimes, Tax ID. # 917090,

was standing in the middle of the street to allow another police car to make u-turn on Vernon Blvd.

20. Plaintiff was stopped by defendant along with the other vehicles to allow the police car to turn and pass.

21. Plaintiff was on his motorcycle in a stopped position at the time of the stop and was not committing a crime nor otherwise acting illegally. At the time of the stop, plaintiff had on a full DOT approved motorcycle helmet with a built-in face shield.

22. Plaintiff is a male of African American descent. Upon information and belief, no one else in the vehicles in front of plaintiff was of African American descent and Defendants did not have probable cause to stop Plaintiff.

23. Defendant Grimes walked past the other vehicles and stopped plaintiff. Without privilege to do so, defendant Grimes, asked plaintiff to identify himself.

24. Defendant Grimes alleged he stopped Plaintiff because he was not wearing the required goggles/glasses. However, at the time of the arrest Plaintiff motorcycle helmet had a permanent, integrated, face shield.

25. Plaintiff produced a valid driver's license and remained on his motorcycle while defendant Grimes went to his patrol car.

26. Defendant Grimes' partner then illegally searched plaintiff and seized property, to wit a box cutter, without consent or authority from plaintiff or privilege to do so.

27. Plaintiff informed Defendants that he was used the box cutter for work purposes and that he was on his way to pick up another job.

28. Upon arrest, plaintiff was transferred to the holding cell in Queens Criminal Court and held from 5:30pm on July 6th until approximately 3:30 pm on July 8th. He was charged with violation of PL 265.0 (criminal possession of a weapon), AC 10-133C (possession of a knife or instrument) and VTL 318.7 (no motorcycle goggles/glasses).

29. On or about July 8th, 2010, at arraignment, the bench warrant was vacated and the matter of the summons was adjourned in contemplation of dismissal (ACD). The summonses were eventually dismissed after 6 months.

30. Plaintiff was thereafter released by the judge on his own recognizance pending the trial of the charges for violation of Pl 265.01, AC 10-133C and VTL 318.7.

31. After his arrested, defendant Grimes negligently and maliciously swore out a deposition maliciously and recklessly alleging false information and charging plaintiff with criminal possession of an illegal gravity knife and with illegally failing to wear goggles/glasses.

32. Defendant Grimes lied in his sworn affidavit to the court that he recovered a gravity knife clipped to Plaintiff's front pocket and that, based on his training, he recognized the knife to be an unlawful gravity knife.

33. Over the course of approximately four months, plaintiff was unjustly forced to return to court with an attorney to contest the false criminal charges.

34. On the last return date, the judge ordered defendant ADA and Defendant Grimes to produce the knife and dismissed the case against plaintiff.

6

35. The defendants named herein lacked proper supervision and training by defendant City of New York and maliciously and negligently charged and prosecuted plaintiff in violation of plaintiff's constitutional rights as more fully stated below.

36. Due to racial profiling, wrongful arrest and malicious prosecution of plaintiff by defendant, plaintiff suffered the wrongful violation of his constitutional rights, damage to his reputation, loss of work and loss of business. Plaintiff also suffered humiliation and distress and incurred legal fees and other damages to date and seeks to recover these damages from defendants.

37. Plaintiff filed a notice of claim detailing the facts of the racial profiling, wrongful arrest and malicious prosecution soon after the court dismissed all charges against him. (See copy of Notice of Claim attached here as Exhibit A).

### Count One – Racial Profiling and Discrimination

38. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

39. Plaintiff is a male of African American descent.

40. Because of Plaintiff's race he belongs to a group of persons that 42 U.S.C. § 2000e, et seq. (Title VII of the 1964 Civil Rights Act, as amended) intended to protect against discrimination.

41. By the above-described acts and by tolerating and failing to take affirmative action to correct these unlawful practices, properly supervise and train defendants, defendants discriminated against Plaintiff because of his race, all in violation of his constitutional and statutory rights.

7

42. Furthermore, Defendants acted with reckless indifference to the federally protected rights of the Plaintiff.

43. Because of Defendants' discriminatory actions Plaintiff suffered adverse physical, mental, emotional and financial harm, including loss of business.

44. Plaintiff also suffered humiliation, damage to his reputation, emotional pain, mental anguish and inconvenience.

### Count Two – False Arrest

45. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

46. By the above-described acts and by tolerating and failing to take affirmative action to correct these unlawful practices, properly supervise and train defendants, defendants violated plaintiff's constitutional and statutory rights.

47. Furthermore, Defendants acted with reckless indifference to the federally protected rights of the Plaintiff.

48. Defendant unlawfully and without privilege to do so confined Plaintiff without Plaintiff's consent.

49. Plaintiff was at all times conscious of his confinement.

50. Because of Defendants' wrongful actions, Plaintiff suffered adverse physical, mental, emotional and financial harm, including loss of business.

51. Plaintiff also suffered humiliation, damage to his reputation, emotional pain, mental anguish and inconvenience.

**Count Three- Malicious Prosecution**

52. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

53. By the above-described acts and by tolerating and failing to take affirmative action to correct these unlawful practices, properly supervise and train defendants, defendants discriminated against Plaintiff because of his race, all in violation of his constitutional and statutory rights.

54. Furthermore, Defendants acted with malice and reckless indifference to the federally protected rights of the Plaintiff.

55. Because of Defendants' discriminatory actions Plaintiff suffered adverse physical, mental, emotional and financial harm, including loss of business.

56. Plaintiff also suffered humiliation, damage to his reputation, emotional pain, mental anguish and inconvenience.

**Count Four – Negligence**

57. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

58. Each Defendant facilitated the discrimination, false arrest and malicious prosecution of plaintiff by acting negligently, negligently hiring, supervising and or training its employees, as each such employee was clearly incompetent to

9

occupy the position bestowed upon him as a result of unsound judgment,

negligent hiring, and negligent promotion practices of Defendants.

## VII. DAMAGES

59. Plaintiff realleges each and every allegation contained in the foregoing paragraphs
and these are incorporated by reference as though fully realleged herein.

60. As a result of Defendants' violations of the above-stated federal and state statutes
and constitutions, Plaintiff seeks equitable relief, compensatory and punitive
damages, liquidated damages, expert witness fees, taxable costs of court, pre-
judgment and post-judgment interest, and other and further relief as the court
deems appropriate under the circumstances.

## VIII. ATTORNEY'S FEES

61. Plaintiff realleges each and every allegation contained in the foregoing paragraphs
and these are incorporated by reference as though fully realleged herein.

62. As a further result of Defendant's acts and omissions, as specifically set forth
herein, it was necessary for Plaintiff to secure counsel to present and prosecute
this matter on his behalf and defend against the bogus charges.

63. Plaintiff has retained the services of the undersigned counsel of record, and
accordingly, Plaintiff sues for reasonable attorney's fees as provided by statute.

## X. PRAYER FOR RELIEF

**WHEREFORE**, PREMISES CONSIDERED, cause having been shown, Plaintiff Lester

Miller prays that the Court enter judgment:

a. Declaring that each Defendant's actions were in violation of its legal duty to

comply with law;

b. For actual and liquidated damages for the period of time provided by law, for

compensatory and punitive damages for the willful, wanton, malicious and

conscious disregard of Plaintiff's legal rights;

c. Plaintiff seeks equitable relief, compensatory and punitive damages, liquidated

damages, expert witness fees, taxable costs of court, pre-judgment and post-

judgment interest; and

d. For any other and further relief as the court deems appropriate under the

circumstances.

Respectfully submitted,

The Law Office of Wanda Sanchez Day
By: Wanda Sanchez Day, Esq.
Federal Id. No. WD5076
118-35 Queens Blvd., Suite 1603
Telephone:     (646) 479-9517
Facsimile:     ( 646) 217-3706
ATTORNEYS FOR PLAINTIFF
Lester Miller

Lester Miller

## COMPLAINT VERIFICATION

Lester Miller, being duly sworn, deposes and says:

I am the plaintiff in the above action.

I have read the foregoing document and know the contents.  The contents are true to my own knowledge except as to the matters stated upon information and belief, and as to those matters I believe them to be true.

Dated:        Queens, NY

Lester Miller

Sworn to before me this
22    day of August, 2011

**WANDA SANCHEZ DAY**
Notary Public, State of New York
No. 02DA6152458
Qualified in Queens County
Commission Expires: Sept. 11, 2014

10

## NOTICE OF CLAIM

### Claimant Information

Claimant's Name:          Lester Miller

Address:                  1295 Islip Avenue, Central Islip, NY 11722

Social Security #:        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

City Agency Involved:     NYPD and District Attorney's Office

Nature of Claim:          Violation civil rights based on racial profiling, wrongful
                          arrest, wrongful imprisonment, malicious prosecution, etc.

On July 6, 2010, at approximately 5:30 pm, I was riding my motorcycle at the intersection of Vernon Blvd. and 31st Street in Queens. There was a police car parked on the other side of the street, facing in the opposition direction. Officer Curtis Grimes, Tax ID. #917090, was standing in the middle of the street stopping cars going in my direction so that the other police car on the other side could make a u-turn.

Once the other police car made the turn, officer Grimes pulled me over. At the time, I was not committing a crime nor otherwise acting wrongfully. There were at least three vehicles in front of me, and to my knowledge, I was the only one of African American descent. He asked for my license and nothing else. I remained on my motorcycle while he went to his car. When he came back, he stated I had a bench warrant because I defaulted on summons issued against me in the past.

At the time of the stop, I had a full motorcycle helmet with a built in shield. (See copy of picture attached here). I also had an unconcealed small pocketknife pinned in a conspicuous fashion to the outside of my pant pocket. (See copy of picture attached here). Officer Grimes' partner took the pocket knife from me. I explained to the officer that I used the knife in my work to open boxes and packages.

Thereafter, I was arrested and taken to the precinct. I was then transferred to the holding cell in Queens Criminal Court. I was held for three days while officer's processed me. I was wrongfully charged with criminal possession of a gravity knife and with not wearing googles. (See Officer Grimes' affidavit attached here). Officer Grimes lied when he swore in his affidavit that he recovered a gravity knife clipped to my front pocket and that, based on his training, he recognized the knife to be a gravity knife. The officer and ADA knew or should have known, with proper supervision and training, that I had not committed a crime by carrying the knife and that it was not in fact a gravity knife. They also should have known that the shield on my helmet was legally sufficient and I should not have been charged with violating VTL 381-7.

On the third day after my arrest, the judge ordered an ACD of the default summons and I was released on my own recognizance.  However, for the next approximately four months, I had to return to court on four occasions for the criminal possession of the gravity knife charge.  Each time the ADA and police officer refused to produce the knife although my attorney informed them that the knife was not a gravity knife.  On the 4th return date, the judge ordered the ADA and officer to produce the knife and they did.  Officer Grimes could not open the knife and demonstrated that it was not a gravity knife.  On that day, the judge dismissed the case against me.

Due to the wrongful detention and malicious prosecution, I lost days of work and I lost potential business.  I also suffered humiliation and distress and incurred legal fees and other damages.

Total Amount Claimed:        $100,000.00 (One-hundred thousand dollars)

_____ _M._A. _____   1/11/11  631 766 9485
Claimant's signature

STATE OF NEW YORK
                              ss:/

QUEENS COUNTY

Subscribed and sworn to before me this ____11____ day of January, 2011

WANDA SANCHEZ DAY
Notary Public, State of New York
No. 02DA6152458
Qualified in Queens County
Commission Expires: Sept. 11, 2014

To: Office of the Comptroller
    Division of Law – Rm 1225 South
    1 Centre Street
    New York, NY 10007





CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR, COUNTY OF QUEENS

THE PEOPLE OF THE STATE OF NEW YORK

v.

LESTER MILLER
DEFENDANT

STATE OF NEW YORK
COUNTY OF QUEENS

Q10640774

240.20

**2010QN040597**



Christopher E. Whitehair

DETECTIVE CURTIS GRIMES OF 114TH PRECINCT, TAX REG#: 917090,  BEING
DULY SWORN, DEPOSES AND SAYS THAT ON OR ABOUT JULY 6 2010  BETWEEN
5:20PM AND 5:27PM, IN FRONT OF 30-05 VERNON BLVD, COUNTY OF QUEENS,
STATE OF NEW YORK

THE DEFENDANT COMMITTED THE OFFENSES OF:
PL 265.01-1 (EFF. 11/1/2008) CRIMINAL POSSESSION OF  A WEAPON IN THE
           FOURTH DEGREE
AC 10-133-C POSSESSION OF KNIVES OR INSTRUMENTS
VTL 381-7 NO MOTORCYCLE GOGGLES/GLASSES

IN THAT THE DEFENDANT DID:  POSSESS ANY FIREARM, ELECTRONIC DART GUN,
ELECTRONIC STUN GUN, GRAVITY KNIFE, SWITCHBLADE KNIFE, PILUM BALLISTIC
KNIFE, METAL KNUCKLE KNIFE, CANE SWORD, BILLY, BLACKJACK, BLUDGEON,
PLASTIC KNUCKLES, METAL KNUCKLES, CHUKA STICK, SAND BAG, SANDCLUB,
WRIST-BRACE TYPE SLINGSHOT OR SLINGSHOT, SHIRKEN OR "KUNG FU STAR";IN A
PUBLIC PLACE, STREET OR PARK  WEAR OUTSIDE OF HIS OR HER CLOTHING OR
CARRY IN OPEN VIEW ANY KNIFE WITH AN EXPOSED OR UNEXPOSED BLADE UNLESS
SUCH PERSON IS ACTUALLY USING SUCH KNIFE FOR A LAWFUL PURPOSE;

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S
BELIEF ARE AS FOLLOWS:

DEPONENT STATES HE THAT AT THE ABOVE DATE, TIME AND PLACE OF
OCCURRENCE HE OBSERVED THE DEFENDANT, LESTER MILLER, OPERATING A 2007
KAWASAKI MOTORCYCLE WITHOUT WEARING THE REQUIRED GOGGLES.

DEPONENT FURTHER STATES THAT HE OBSERVED AND RECOVERED A GRAVITY KNIFE
CLIPPED TO THE DEFENDANT'S FRONT PANTS POCKET.

DEPONENT STATES THAT HIS CONCLUSION THAT SAID KNIFE IS A GRAVITY KNIFE
IS BASED UPON HIS TRAINING AND THE FACT THAT SAID KNIFE WAS ACTIVATED BY
DEPONENT TO AN OPEN AND LOCKED POSITION THROUGH THE FORCE OF GRAVITY.

MILLER,LESTER  010640774

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE
PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT
TO SECTION 210.45 OF THE PENAL LAW

07/07/10    Det.

_____  _____
DATE        SIGNATURE

SWORN TO BEFORE ME ON THE
        DAY OF


_____  _____
DATE        SIGNATURE

Civil Case No.
            Filed: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

LESTER MILLER,

                              Plaintiff,

                  -against-


THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPT.,
OFFICER CURTIS GRIMES,
QUEENS DISTRICT ATTORNEY'S OFFICE,
"JOHN DOE" (ASST. DA),

                        Defendants.

_____

## SUMMONS AND VERIFIED COMPLAINT

THE LAW OFFICE OF WANDA SANCHEZ DAY, PC
ATTORNEYS FOR PLAINTIFF
118-35 Queens Blvd., Suite 1603
Forest Hills, NY 11375
Telephone:    (646) 479-9517
Facsimile:    ( 646) 217-3706
wsanzday@yahoo.com

_____

Due and timely service is hereby admitted,
New York, NY----------------------------------------, 2011


-------------------------------------------------------------------

Attorney for -----------------------------------------------------

1

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of
pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the
Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of
initiating the civil docket sheet.

SEP 23 2011

**PLAINTIFFS**

LESTER MILLER

**DEFENDANTS**

THE CITY OF NY THE NYC POLICE DEPARTMENT
OFFICER CURTIS CROMES, QUEENS DISTRICT ATTORNEY'S OFFIC
JOHN DOE (ASST. D.A)

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**

THE LAW OFFICE OF WANDA SANCHEZ
118-35 Queens Blvd, suite 1603 FOREST HILL

**ATTORNEYS (IF KNOWN)**

ATTORNEY FOR THE PLAINTIFF
NY 646 479 9517

CASHIER

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

FALSE ARREST, DISCRIMINATION, MALEELCIOUS PROSECUTION
CIVIL RIGHTS ACT 42 USC § 1983, US Constitution, 4th 14th Amend., NY

Has this or a similar case been previously filed in SDNY at any time? No? ☑ Yes? ☐    Judge Previously Assigned

If yes, was this case Vol.☐ Invol. ☐ Dismissed. No ☐ Yes ☐  If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)    NATURE OF SUIT

ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE
INSTRUMENT
[ ] 150 RECOVERY OF
OVERPAYMENT &
ENFORCEMENT OF
JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF
DEFAULTED
STUDENT LOANS
(EXCL VETERANS)
[ ] 153 RECOVERY OF
OVERPAYMENT OF
VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT
LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT
LIABILITY
[ ] 320 ASSAULT, LIBEL &
SLANDER
[ ] 330 FEDERAL
EMPLOYERS'
LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT
LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE
PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL
INJURY

**PERSONAL INJURY**

[ ] 362 PERSONAL INJURY -
MED MALPRACTICE
[ ] 365 PERSONAL INJURY
PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL
INJURY PRODUCT
LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL
PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE
PRODUCT LIABILITY

**FORFEITURE/PENALTY**

[ ] 610 AGRICULTURE
[ ] 620 OTHER FOOD &
DRUG
[ ] 625 DRUG RELATED
SEIZURE OF
PROPERTY
21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL
SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**

[ ] 710 FAIR LABOR
STANDARDS ACT
[ ] 720 LABOR/MGMT
RELATIONS
[ ] 730 LABOR/MGMT
REPORTING &
DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR
LITIGATION
[ ] 791 EMPL RET INC
SECURITY ACT

**BANKRUPTCY**

[ ] 422 APPEAL
28 USC 158
[ ] 423 WITHDRAWAL
28 USC 157

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**

[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES (U.S. Plaintiff or
Defendant)
[ ] 871 IRS-THIRD PARTY
26 USC 7609

**OTHER STATUTES**

[ ] 400 STATE
REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU-
ENCED & CORRUPT
ORGANIZATION AC
(RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/
COMMODITIES/
EXCHANGE
[ ] 875 CUSTOMER
CHALLENGE
12 USC 3410
[ ] 890 OTHER STATUTORY
ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 893 ENVIRONMENTAL
MATTERS
[ ] 894 ENERGY
ALLOCATION ACT
[ ] 895 FREEDOM OF
INFORMATION ACT
[ ] 900 APPEAL OF FEE
DETERMINATION
UNDER EQUAL ACCESS
TO JUSTICE
[ ] 950 CONSTITUTIONALITY
OF STATE STATUTES

**ACTIONS UNDER STATUTES**

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE &
EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT
LIABILITY
[ ] 290 ALL OTHER
REAL PROPERTY

**CIVIL RIGHTS**

[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/
ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH
DISABILITIES -
EMPLOYMENT
[ ] 446 AMERICANS WITH
DISABILITIES -OTHER
[X] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**

[ ] 510 MOTIONS TO
VACATE SENTENCE
20 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

**IMMIGRATION**

[ ] 462 NATURALIZATION
APPLICATION
[ ] 463 HABEAS CORPUS-
ALIEN DETAINEE
[ ] 465 OTHER IMMIGRATION
ACTIONS

Check if demanded in complaint:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $_____ OTHER _____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO    NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

| (PLACE AN x IN ONE BOX ONLY) | | ORIGIN | | | | | |
|---|---|---|---|---|---|---|---|
| ☒1 Original Proceeding | ☐2a. Removed from State Court<br>☐2b. Removed from State Court AND at least one party is pro se. | ☐3 Remanded from Appellate Court | ☐4 Reinstated or Reopened | ☐5 Transferred from (Specify District) | ☐6 Multidistrict Litigation | ☐7 Appeal to District Judge from Magistrate Judge Judgment |

| (PLACE AN x IN ONE BOX ONLY) | BASIS OF JURISDICTION | IF DIVERSITY, INDICATE |
|---|---|---|
| ☐1 U.S. PLAINTIFF    ☐2 U.S. DEFENDANT | ☒3 FEDERAL QUESTION (U.S. NOT A PARTY)    ☐4 DIVERSITY | CITIZENSHIP BELOW. (28 USC 1322, 1441) |

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF DEF | | PTF DEF | | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1  [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3  [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5  [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2  [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4  [ ] 4 | FOREIGN NATION | [ ] 6  [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Lester Wheeler by Wanda Sanchez Day Esq. 118-35 Queens Blvd. Suite 1603, Forest Hills, NY 11375.
Plaintiff's Address: 1295 Islip Avenue, Central Islip. NY 11722

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES) (ALL NEW YORK COUNTY)

① City of New York, by Law Department, Corp. Counsel 100 Church St. NY, NY 1000?
② NY Police Dept. and Police Officer Curtis Crumb, by Legal Bureau NYPD, One Police Plaza Rm 1406 NY, NY 10038.
③ NYC District Attorney's Office and D.A. "John Doe", by Office of the NYC District Attorney - 125-01 Queens Blvd. Kew Gardens, NY 1415

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

| Check one: | THIS ACTION SHOULD BE ASSIGNED TO: (DO NOT check either box if this a PRISONER PETITION.) | ☐ WHITE PLAINS    ☒ MANHATTAN |
|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD | ADMITTED TO PRACTICE IN THIS DISTRICT |
|---|---|---|
| RECEIPT # | W. Riley | [ ] NO<br>[✔] YES (DATE ADMITTED Mo. 9/23 Yr. 05)<br>Attorney Bar Code # WDS076. |

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)